UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHRISTOPHER DANIELE, JR. : CASE NO. 3:05CV 554 (WWE)

Plaintiff,

v.

MOR, *et al*.,

Defendants.

**RULING ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Christopher Daniele is suing defendant Mor[1] and XYZ Corp. in a diversity action for money damages under Connecticut's Dram Shop Act C.G.S. §30-102[2].

In the current motion, defendants request dismissal of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4), (5) on the grounds that the Court is devoid of personal and subject matter jurisdiction and that there was insufficient service. Plaintiff's cross motion requests leave to amend the complaint pursuant to Fed.R.Civ.P 15(c).

**BACKGROUND**

The dates and facts relative to these motions are not in dispute. On Saturday April 3, 2004, plaintiff alleges the incident occurred which gave rise to this complaint. Plaintiff alleges

[1] Mor aka Club Mor aka MOR NITE CLUB aka MOR NIGHTCLUB fka PREMIERE.

[2] "If any person, by such person or such person's agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of two hundred fifty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of two hundred fifty thousand dollars, to be recovered in an action under this section, provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of such person's or persons' intention to bring an action under this section. In computing such sixty-day period, the time between the death or incapacity of any aggrieved person and the appointment of an executor, administrator, conservator or guardian of such person's estate shall be excluded, except that the time so excluded shall not exceed one hundred twenty days. Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred. No action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of. Such injured person shall have no cause of action against such seller for negligence in the sale of alcoholic liquor to a person twenty-one years of age or older. "

that his injuries resulted from the defendants serving Mr. Vincent Ciampi, a patron at Mor, even though he was visibly intoxicated. On May 26, 2004, plaintiff sent a written notice of intention to bring action under C.G.S §30-102 to "Owner, President, Club Manager, General Counsel, and any and all persons or entities with interests in the above establishment." Plaintiff subsequently filed the complaint on April 1, 2005, within the one-year statutory time limit. However, plaintiff attempted to serve defendants ***beyond*** the one-year statute of limitations set forth in the Dram Shop Act. Plaintiff initially attempted to serve Constantine "Costas" Plagos on April 13, 2005. Service was ultimately returned to plaintiff unclaimed. Subsequently, Anthony DiMartino accepted service on behalf of Gus Plagos and Chris Plagos at Mor on May 25, 2005, also beyond the one-year statutory time limit.

## DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) "challenges that court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. Al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). The burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomas v. Gaskill, 315 U.S. 442, 446 (1942).

Defendants move to dismiss the complaint for lack of personal and subject matter jurisdiction as well as insufficient service of process. Upon review, the Court will dismiss this action based on the statute of limitation.

The Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), doctrine (application of state law) applies in a diversity action. State law therefore governs this Court's consideration of when the action is deemed commenced for purposes of state statutes of limitations. As the United States Supreme Court has recognized, there is a vital connection between the service of process requirement and important state policies underlying the statute of limitations.

In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530 (1949), the United States Supreme Court held that the Kansas statute governing service of process to commence an action controlled in a diversity action and not Fed.R.Civ.P. 3. "Since [the] cause of action is created by local law, the measure of it is to be found only in local law…It accrues and comes to an end when local law so declares." Id. at 533. The Supreme Court followed Ragan and applied its ruling specifically to the statute of limitations issue in Walker v. Armco Steel Corp., 446 U.S.

740 (1980), holding that Fed.R.Civ.P 3 does not apply. "Instead, the policies behind *Erie* and *Regan* control the issue whether, in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." Id. at 752-53. "There is no indication that the Rule [FRCP 3] ... purported to displace state tolling rules for purposes of state statutes of limitations." Id. at 750-51.

> In contrast to Rule 3, the Oklahoma statute is a statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations. The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. A requirement of actual service promotes both of those functions of the statute. It is these policy aspects which make the service requirement an "integral" part of the statute of limitations both in this case and in *Ragan*. As such, the service rule must be considered part and parcel of the statute of limitations.

Walker, 446 U.S. at 751-752 (citations omitted).

Plaintiff brought his claim under Connecticut's Dram Shop Act, C.G.S. §30-102. The central question presented by this case is whether Connecticut state law governs the manner in which a federal diversity case arising under Connecticut law is to be considered commenced for purposes of the state statute of limitations under the Dram Shop Act. Given such findings, the Court reviews the applicable statute of limitations. In relevant part, the statute of limitations for Dram Shop Act claims provides that:

> the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of such person's or persons' intention to bring an action under this section…. No action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of.

C.G.S. §30-102.

In Connecticut, an action is commenced on the date of service of the writ upon the defendant. Valley Cablevision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33 (1978). Hence, the Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statute of limitations. In Consolidated Motor Lines, Inc. v. M & M Transp. Co., 128 Conn. 107 (1941), the Connecticut Supreme Court stated:

> From a very early date in this state, the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. That, in our judgment, is the sounder rule, because only thus is the defendant put []on notice of the purpose of the plaintiff to call upon him to answer to the claim in court.

128 Conn. at 109 (citations omitted).

Thus, an action is not "commenced" until process is actually served upon the defendant. See Broderick v. Jackman, 167 Conn. 96, 99 (1974). In Connecticut, courts have used the terms "commence" and "brought" interchangeably to describe the initiation of an action. See Bolduc v. Durocher, 1992 WL 48591 *2 (Conn.Super. 1992).

In a procedurally similar case where service was made after the statute of limitations expired, this Court dismissed a complaint brought under C.G.S. §52-593a, Connecticut Product Liability Act, as barred by the statute of limitations. Converse v. General Motors Corporation, 893 F.2d 513 (2d Cir. 1990).

Defendants in the instant case assert that they were not served until after the statute of limitations expired. This Court agrees that service was not brought within the statutorily permitted time. Fed.R.Civ.P. 3 cannot be used to toll a state statute of limitations in a diversity case arising under state law. See Converse, 993 F.2d at 516. Thus, although plaintiff filed the complaint within the requisite statutory period, the plaintiff failed to properly serve defendants within the one-year statutory period as defined by C.G.S.§30-102. Therefore, plaintiff has failed to meet the Connecticut statutory requirements pursuant to C.G.S. §30-102. In so doing, plaintiff has failed to effectuate proper service.

Defendants also challenge the Court's subject matter jurisdiction over plaintiff. "A court has subject matter jurisdiction if it has authority to adjudicate a particular type of legal controversy." Castro v. Viera, 207 Conn. 420, 427, (1988). Since, C.G.S. §30-102 provides that "no action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of," it is subject to the construction approved in DeMartino v. Siemon, 90 Conn. 527, 528-529 (1916). "The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right – it is a limitation of the liability itself as created, and not of the remedy alone." DeMartino at 528-529. See Forbes v. Ballaro, 31 Conn.App. 235, 239-240 (1993). Thus, this period of limitations is substantive,

rather than procedural, and implicates the subject matter jurisdiction of the court. Moore v. McNamara, 201 Conn. 16, 22-23 (1986).

In Cazimovski v. Retro Clubs, Inc., 1996 WL 362263 (Conn.Super. 1996), the court held that where the defendants were not served with process within the one-year statutory period as required by §30-102, the court is without subject matter jurisdiction. Likewise, in the instant case, plaintiff failed to serve defendants within the requisite statutory period. Because this case was not commenced within the one year period as required by §30-102, this Court lacks subject matter jurisdiction. Therefore, the Court must grant defendants' motion to dismiss.

Finally, defendants argue that the Court lacks personal jurisdiction over them because plaintiff has failed to effectuate proper service and has failed to name a legal entity that can sue or be sued. A defect in process implicates personal jurisdiction rather than subject matter jurisdiction. Lostritto v. Community Action Agency of New Haven, Inc., 269 Conn. 10, 31 (2004). Hence, this Court lacks personal jurisdiction over defendants because plaintiff has not effectuated proper service.

At this juncture, it is unnecessary for the Court to speculate as to whether plaintiff, due to a mistake or misnomer, named a non-legal entity that cannot be sued. Additionally, even if the Court could permit plaintiff leave to amend the complaint to reflect a proper party, there would still be a defect in the complaint since the statutory requirements would remain unmet as to any newly named party. This would not comport with the policy underlying a statute of limitations and the Court would still be required to grant defendants' motion to dismiss.

## CONCLUSION

For the above-mentioned reasons, this Court hereby GRANTS defendants' motion to dismiss [doc. 11] and DENIES plaintiff's motion to amend the complaint [doc. 14]. The clerk is instructed to close this case.

SO ORDERED.

_______________________/s/____________________________________
WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE

Dated this 14th day of June 2006 in Bridgeport, Connecticut.